RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0100p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

BARBARA FAKHOURI,

          *Plaintiff-Appellant,*

   *v.*

OBER GATLINBURG, INC.,

          *Defendant-Appellee.*

No. 15-5972

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:13-cv-00517—Curtis L. Collier, District Judge.

Decided and Filed:  April 21, 2016

Before:  SUTTON and GRIFFIN, Circuit Judges; OLIVER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:**  Shawn C. Cabot, CHRISTOPHER TRAINOR & ASSOCIATES, White Lake, Michigan, for Appellant.  Benjamin W. Jones, Caitlyn Luedtke Elam, LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C., Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge.  Barbara Fakhouri sought damages from a Tennessee ski resort after she suffered injuries while using a tramway on the resort's property in August 2012. Because a Tennessee statute immunizes the ski resort from liability for this claim, we affirm the district court's grant of summary judgment to the resort.

---

[*]The Honorable Solomon Oliver, Jr., Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Fakhouri, a resident of Michigan who uses a wheelchair, traveled to eastern Tennessee for a family vacation in the summer of 2012. She visited Ober Gatlinburg, a ski resort that has at least four slopes, including advanced and expert routes. The business model for a Tennessee ski resort, no surprise, does not depend on earnings from ski lift tickets alone. The resort also has a year-round amusement park, restaurant, lounge, and shopping center alongside the ski paths and mountain trails. To bring visitors to and from the ski area and associated attractions, Ober Gatlinburg operates a tramway, which Fakhouri rode without incident up the mountain when she arrived at the site. When she tried to enter the tram for her return trip, however, her wheelchair caught on the tram, breaking one of the wheels and causing her leg to buckle underneath the chair. She sought medical treatment for injuries to her leg and neck, and she continues to experience swelling, weakness, poor blood flow, and discoloration in the affected leg.

Invoking the federal courts' diversity jurisdiction, Fakhouri sued Ober Gatlinburg in the Eastern District of Tennessee. She claimed that the resort negligently failed to ensure her safe passage on the tram under Tennessee law. The district court granted summary judgment to the resort, relying on a Tennessee statute that precludes liability for ski resort operators under certain conditions. *Fakhouri v. Ober Gatlinburg, Inc.*, No. 3:13-CV-517, 2015 WL 4724207, at *2–4 (E.D. Tenn. Aug. 10, 2015). Fakhouri appealed.

"[N]o action shall lie against any [ski area] operator by any skier or passenger," Tennessee's Ski Area Safety and Liability Act says, as long as the operator complies with the Act itself and with "other state acts pertaining to ski areas." Tenn. Code Ann. §§ 68-114-101, -107(a). The reason for the limited liability is that, unless specified exceptions apply, "each skier or passenger is deemed to have assumed the risk of and legal responsibility for any injury to the skier's or passenger's person or property arising out of the skier's or passenger's participation in Alpine or downhill skiing or the use of any passenger tramways associated with Alpine or downhill skiing." *Id.* § 68-114-103.

These provisions, taken together, preclude Fakhouri's lawsuit if (1) she was a "skier or passenger," (2) Ober Gatlinburg is a "ski area operator," and (3) her injuries "aris[e] out of" her "use of any passenger tramways associated with Alpine or downhill skiing." All three conditions for the resort's immunity apply.

One:  Fakhouri was a passenger on the tramway.  The statute defines "[p]assenger" to include "any person . . . in the act of boarding or embarking upon or disembarking from[] a passenger tramway."  *Id.* § 68-114-102(2).  Fakhouri acknowledges that her injury occurred while she was getting onto the tram, meaning she comfortably fits the statutory definition.

Two:  Ober Gatlinburg is a ski area operator.  That term covers "a person or organization having operational responsibility for any ski area."  *Id.* § 68-114-102(5).  A "ski area," in turn, "means all the ski slopes and ski trails and passenger tramways administered or operated as a single enterprise within [Tennessee]."  *Id.* § 68-114-102(4).  Ober Gatlinburg operates "ski slopes," "ski trails," and a "passenger tramway[]" in Tennessee, which means it qualifies as a ski area operator.

Three:  Fakhouri's injuries "ar[ose] out of" her use of a "passenger tramway[] associated with Alpine or downhill skiing."  *Id.* § 68-114-103.  Fakhouri testified that her injuries occurred when her wheelchair "hit" something and "tipped forward" as she "headed towards the tram" to go down the mountain.  R. 20-2 at 18–19.  And the tram itself is "associated with Alpine or downhill skiing" because it brings visitors up to and (sometimes) down from the slopes at Ober Gatlinburg.

Because the resort satisfied all three grounds for immunity, the Ski Area Safety Act bars Fakhouri's claim.  She "assumed the risk" for injuries arising from her use of the tramway, which means "no action shall lie" against Ober Gatlinburg.  Tenn. Code Ann. §§ 68-114-103, -107(a).

Fakhouri's rejoinders do not alter this conclusion.  She claims that Ober Gatlinburg was not acting as a "ski area operator" at the time of her injuries, because "there was no snow on the ground" and no one was "engaged in ski-related or winter activities" at the time of her trip: August 2012.  Appellant's Br. 15.  But the resort's status as a "ski area operator" does not change with the seasons.  The "ski area" that Ober Gatlinburg "operat[es]" consists of the "ski slopes," "ski trails," and "passenger tramway[]."  Tenn. Code Ann. § 68-114-102(4).  The tramway does not become any less a part of that area when the snow melts each spring (or late

winter). Ober Gatlinburg thus "operat[es]" a ski area *whenever* it operates the tramway, which it does each month of the year, making it a "ski area operator" year round.

Fakhouri adds that her injuries did not "aris[e] out of" her "use of any passenger tramways associated with Alpine or downhill skiing." *Id.* § 68-114-103. As she reads the provision, the final phrase ("associated with Alpine or downhill skiing") modifies the word "use," making the statute applicable only to those who use Ober Gatlinburg's facilities for a purpose "associated with" skiing—namely, a skiing-related purpose. But that is not the first thing someone thinks when reading these words. The most natural reading of the provision is that it applies when one uses a tramway associated with skiing. That a tramway is associated with skiing, as this one is, does not require that it be used for skiing each time, as Fakhouri claims. Rules of grammar support this interpretation. "[A] limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see Lockhart v. United States*, 136 S. Ct. 958, 962–63 (2016); *In re Sanders*, 551 F.3d 397, 399 (6th Cir. 2008); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 152–53 (2012) (discussing the nearest-reasonable-referent canon). Because "associated with" immediately follows "tramways," that is the word it modifies. As long as the tramway itself is "associated with Alpine or downhill skiing," as this tramway undoubtedly is, the statute precludes liability.

Fakhouri's interpretation, moreover, reads two crucial words out of the Ski Area Safety Act. Recall that the law protects ski area operators from lawsuits brought by a "skier *or passenger*." Tenn. Code Ann. § 68-114-107(a) (emphasis added). A skier, the statute says, is "any person present in a ski area for the purpose of engaging in the sport of skiing, Nordic, freestyle or other types of ski jumping and who is using skis, a sled, a tube or a snowboard." *Id.* § 68-114-102(6). Because the Act covers lawsuits brought by "skier[s] or passenger[s]," it must capture some claims brought by people *not* "present in a ski area for the purpose of engaging in the sport of skiing." Fakhouri's theory, however, leaps over "or" and "passenger," drastically reducing, if not eliminating altogether, the class of "passengers" not already covered as "skiers."

Trying to overcome this problem, Fakhouri frames her "intent" in coming to the resort as seeking "to enjoy the various summer amusements and sights in Gatlinburg, none of which

included Alpine or downhill skiing or any winter-related sport." Appellant's Br. 12–13. But if the Act precludes only lawsuits brought by those who "inten[d]" to ski, it precludes only lawsuits brought by "skiers," shearing any substance from the term "passenger." Our reading avoids that pitfall, ensuring that the statute covers actions brought by anyone who, like Fakhouri, is injured while "boarding or embarking upon" the tram, *see* Tenn. Code Ann. § 68-114-102(2)— regardless of the individual's "intent" in visiting the resort and regardless of the season in which the individual makes the visit.

Fakhouri points to two cases that purport to support her view. The first is *Terry v. Ober Gatlinburg, Inc.*, an unpublished Tennessee Court of Appeals case holding that the Ski Area Safety Act "does not protect a ski area operator from negligent rental operations," such as renting out skis and ski bindings to guests. No. 03A01-9701-CV-00026, 1998 WL 54700, at *1, *3–4 (Tenn. Ct. App. Feb. 3, 1998). But *Terry* found only that the Act was "silent concerning liability for rental operations." *Id.* at *4. That silence, in light of the canon "that statutes in derogation of [the] common law are to be strictly construed and confined to their express terms," meant that the law did not preclude liability for a ski area's rental business. *Id.* The same reasoning does not apply to Fakhouri's claim, because the statute *does*, by its "express terms," *id.*, limit liability arising from the use of passenger tramways. *See* Tenn. Code Ann. § 68-114-103.

*Albert ex rel. Albert v. Ober Gatlinburg, Inc.*, is no more helpful. No. 3:02-CV-277, 2006 WL 208580 (E.D. Tenn. Jan. 25, 2006). It is an unpublished district court decision that denied summary judgment to a ski area operator that arguably "failed to exercise reasonable care when it opened [a] ski resort" during unsafe conditions. *Id.* at *5. But recall that the Ski Area Safety Act does *not* shield operators from liability when they fail to comply with state statutes. Tenn. Code Ann. § 68-114-107(a). The plaintiff in *Albert* claimed just that, introducing evidence that the operator violated state law by "fail[ing] to designate" the hill's level of difficulty and declining "to warn skiers of . . . changing conditions on the slopes." 2006 WL 208580, at *3, *5; *see* Tenn. Code Ann. § 68-114-106(1), (2)(A).

Fakhouri has not submitted any similar evidence pointing to a statutory violation by Ober Gatlinburg. Her complaint, it is true, seemed to allege violations of a state law that gives ski area operators "primary responsibility for the design, construction, maintenance, and inspection of

any passenger tramway." *Id.* § 68-114-105. But the district court did not read it that way, reasoning that Fakhouri's claims related only to negligence in overseeing "the embarking, disembarking, and riding of the passenger tramway," not to the maintenance or inspection of the tramway itself. *Fakhouri*, 2015 WL 4724207, at *4. Fakhouri does not challenge that determination on appeal. Once Ober Gatlinburg met its summary judgment burden by demonstrating that Fakhouri's claims failed under the Ski Area Safety Act, she could overcome that showing only with proof of her own—proof indicating that an exception to the Act applied because the resort did not meet the statutory requirements. *See* Fed. R. Civ. P. 56(a). She failed to do so, never invoking § 68-114-105 in her summary judgment filing (or her briefs on appeal). Because Ober Gatlinburg established that the Ski Area Safety Act applies, and because Fakhouri never rebutted that showing, the district court correctly granted summary judgment to the resort.

For these reasons, we affirm.